875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael D. HARRIS, Plaintiff-Appellant,
v.
Robert BROWN; John Jabe, Defendants-Appellees.
 No. 89-1081.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Michael D. Harris appeals from the district court's order denying his motion for a preliminary injunction. The district court decided that Harris had not established that the prison administration abused its discretion or violated any of his constitutional rights.
 
 
 3
 Harris filed a civil rights complaint pursuant to 42 U.S.C. Sec. 1983, and also sought to enjoin the defendants from transferring the protective custody unit prisoners in 6-Block to 5-Block west, which is next to the administrative segregation unit. Harris claimed that the transfer would place him close to administrative segregation inmates and would deprive him of rights, privileges, and protections previously available to protective custody inmates. The defendants are the Director of Corrections and the Warden at Jackson Prison. The district court denied the motion seeking a preliminary injunction.
 
 
 4
 Harris then filed an emergency petition for a temporary injunction. The district court denied the motion, and Harris filed this appeal. While his appeal was pending, Harris filed a motion for a preliminary injunction which a panel of this court denied. In his brief, Harris asserts that the district court failed to rule on the injunction preventing the defendants from moving protective custody prisoners to the same block as administrative segregation prisoners. The defendants have filed a motion to dismiss the appeal for lack of jurisdiction.
 
 
 5
 Upon consideration, the appellees' motion to dismiss for lack of jurisdiction is hereby denied because the district court's order denying Harris' motion for a preliminary injunction is appealable. 28 U.S.C. Sec. 1292(a)(1).
 
 
 6
 The district court did not abuse its discretion in denying Harris' motion for a preliminary injunction. See Christian Schmidt Brewing Co. v. Heileman Brewing Co., 753 F.2d 1354, 1356 (6th Cir.), cert. dismissed, 469 U.S. 1200 (1985). There is no inherent constitutional right to a particular security classification. See Montanye v. Haymes, 427 U.S. 236, 242 (1976). Nor has Harris alleged that the state has created such a right so as to establish that his constitutional rights were violated. See Beard v. Livesay, 798 F.2d 874, 876-79 (6th Cir.1986). The decision of the prison officials is entitled to the wide-ranging deference accorded the judgment of prison administrators in preserving internal order and discipline and maintaining institutional security. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 7
 Accordingly, the motion to dismiss is hereby denied and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.